IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

IRWIN MORSE,

    Plaintiff,

    v.

CORELOGIC, INC., FRANK MARTELL, W. STEVE ALBRECHT, DOUGLAS C. CURLING, JOHN C. DORMAN, PAUL F. FOLINO, WENDY LANE, CLAUDIA FAN MUNCE, PAMELA H. PATENAUDE, VIKRANT RAINA, J. MICHAEL SHEPHERD, JAYNIE MILLER STUDENMUND, and HENRY W. WINSHIP,

    Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on February 4, 2021 (the "Proposed Transaction"), pursuant to which CoreLogic, Inc. ("CoreLogic" or the "Company") will be acquired by affiliates of Stone Point Capital Partners and Insight Partners.

2. On February 4, 2021, CoreLogic's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Celestial-Saturn Parent Inc. ("Parent") and Celestial-Saturn Merger Sub Inc. ("Merger Sub," and together with Parent, "Celestial-Saturn"). Pursuant to the terms of the Merger

Agreement, CoreLogic's stockholders will receive $80.00 in cash for each share of CoreLogic common stock they own.

3. On March 1, 2021, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of CoreLogic common stock.

9. Defendant CoreLogic is a Delaware corporation and maintains its principal executive offices at 40 Pacifica, Irvine, California 92618. The Company has offices located at 2440 Junction Place, Boulder, Colorado 80301. CoreLogic's common stock is traded on the New York Stock Exchange under the ticker symbol "CLGX."

10. Defendant Frank Martell is President, Chief Executive Officer, and a director of the Company.

11. Defendant W. Steve Albrecht is a director of the Company.

12. Defendant Douglas C. Curling is a director of the Company.

13. Defendant John C. Dorman is a director of the Company.

14. Defendant Paul F. Folino is Chairman of the Board of the Company.

15. Defendant Wendy Lane is a director of the Company.

16. Defendant Claudia Fan Munce is a director of the Company.

17. Defendant Pamela H. Patenaude is a director of the Company.

18. Defendant Vikrant Raina is a director of the Company.

19. Defendant J. Michael Shepherd is a director of the Company.

20. Defendant Jaynie Muller Studenmund is a director of the Company.

21. Defendant Henry Jay Winship is a director of the Company.

22. The defendants identified in paragraphs 10 through 21 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

23. CoreLogic is the leading provider of property insights and solutions. Through its enhanced property data solutions, services, and technologies, the Company enables real estate

professionals, financial institutions, insurance carriers, government agencies, and other housing market participants to help millions of people find, buy, and protect their homes.

24. On February 4, 2021, CoreLogic's Board caused the Company to enter into the Merger Agreement with Celestial-Saturn.

25. Pursuant to the terms of the Merger Agreement, CoreLogic's stockholders will receive $80.00 in cash for each share of CoreLogic common stock they own.

26. According to the press release announcing the Proposed Transaction:

CoreLogic® (NYSE: CLGX), a leading global property information, analytics and data-enabled solutions provider, today announced that the company's Board of Directors unanimously approved a definitive merger agreement under which funds managed by Stone Point Capital and Insight Partners will acquire all outstanding shares of CoreLogic for $80 per share in cash, representing an equity value of approximately $6.0 billion and a premium of 51% to CoreLogic's unaffected share price on June 25, 2020. . . .

The transaction will be financed through a combination of committed equity financing provided by funds managed by Stone Point Capital and Insight Partners, as well as committed debt financing provided by J.P. Morgan Securities LLC. The transaction is expected to close in the second quarter of 2021 subject to shareholder approval, regulatory approvals, and other customary closing conditions.

Evercore is serving as financial advisor to CoreLogic and Skadden, Arps, Slate, Meagher & Flom LLP is serving as the Company's legal advisor. J.P. Morgan Securities LLC and Wells Fargo Securities, LLC are acting as financial advisor to Stone Point Capital and Insight Partners. Kirkland & Ellis is serving as legal advisor to Stone Point Capital, and Willkie Farr and Gallagher is serving as legal advisor to Insight Partners.

*The Proxy Statement Omits Material Information*

27. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

28. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction.

29. First, the Proxy Statement omits material information regarding the Company's financial projections.

30. The Proxy Statement fails to disclose, for each set of projections: (i) all line items used to calculate adjusted EBITDA and unlevered free cash flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

31. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

32. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Evercore.

33. With respect to Evercore's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) all line items used to calculate unlevered free cash flows; (ii) the terminal values for the Company; (iii) the individual inputs and assumptions underlying the perpetuity growth rates of 2.5% to 3.0% and the discount rates ranging from 8.00% to 9.00%; (iv) the Company's estimated net debt; and (v) the number of fully diluted shares of CoreLogic common stock.

34. With respect to Evercore's Selected Public Company Trading Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the companies observed in the analysis.

35. With respect to Evercore's Premiums Paid Analysis, the Proxy Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

36. With respect to Evercore's Equity Research Analyst Price Targets analysis, the Proxy Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

37. With respect to Evercore's Illustrative Leveraged Buyout Analysis, the Proxy Statement fails to disclose Evercore's basis for assuming: (i) a required internal rate of return in the range of 18.0% to 22.0%; (ii) total leverage ratios in the range of 6.5x to 7.5x; and (iii) exit multiples in the range of 11.0x to 15.0x.

38. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

39. Third, the Proxy Statement fails to disclose whether the Company entered into any confidentiality agreements that contained standstill and/or don't ask, don't waive provisions.

40. Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

41. Fourth, the Proxy Statement omits material information regarding Evercore.

42. The Proxy Statement fails to disclose the timing and nature of the past services Evercore provided to Parent and/or its affiliates.

43. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

44. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and CoreLogic**

45. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

46. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. CoreLogic is liable as the issuer of these statements.

47. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

48. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

49. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

50. The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

51. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

52. Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

53. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

54. The Individual Defendants acted as controlling persons of CoreLogic within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of CoreLogic and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

55. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

56. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

57. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

58. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 15, 2021                    **RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Gina M. Serra
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: gms@rl-legal.com

*Attorneys for Plaintiff*